MOORE v. POWERS.

1. ADOPTION—PARENT AND CHILD—ABANDONMENT OF ADOPTED CHILD.
   Where an adoptive mother notified the hospital author-
   ities from whom she received her adopted son that she
   could no longer keep him and that unless they made some
   provision for him she would turn him over to a children's
   aid society, and on their finding a family willing to adopt
   him, she voluntarily surrendered him to them, her conduct
   amounted to an abandonment of the child so as to deprive
   her of the right to prevent his adoption by those to whom
   she surrendered him.

2. HABEAS CORPUS—INFANTS—WELFARE OF CHILD.
   In reviewing an order dismissing habeas corpus proceed-
   ings brought by an adoptive mother to obtain the custody
   of an adopted son abandoned by her and adopted by others,
   the court may not lose sight of the best welfare of the
   child.

3. SAME—APPEAL AND ERROR—DELAY IN REVIEWING HABEAS CORPUS
   PROCEEDINGS.
   Delay of 15 months before seeking relief by review of an
   order dismissing habeas corpus proceedings brought to
   obtain the custody of an infant son is not to be com-
   mended; such matters should be disposed of speedily.

Certiorari to Washtenaw; Sample (George W.), J.
Submitted January 6, 1928.     (Docket No. 93.)     De-
cided February 14, 1928.

*Habeas corpus* proceedings by Addie Moore against
Chester Powers and another to obtain the custody of
an infant.     From an order dismissing the writ, plain-
tiff brings certiorari.     Affirmed.

*Stivers & Laird,* for appellant.

*Louis E. Burke,* for appellees.

¹Adoption of Children, 1 C. J. § 76; 41 L. R. A. (N. S.) 594,
606; ²Habeas Corpus, 29 C. J. § 101; ³Id., 29 C. J. § 217.

SHARPE, J.   On April 4, 1924, an infant two weeks old, the son of an unmarried mother, was adopted by Dell J. Moore and Addie Moore, his wife, and his name changed to William Patrick Moore, as appears by an order of the probate court for the county of Wayne. In the spring of 1925, Mrs. Moore was in ill health, and concluded that she could not longer keep the child. He had been unwell a part of the time, and she then thought the care of him more than she could well stand.   She communicated with the authorities of the Marr Maternity Hospital, from whom she had received him, and told them she could not keep him longer, and that if they did not make provision for him she would turn him over to the Children's Aid Society.   The hospital authorities at that time had an application from the defendants, who lived in Washtenaw county, to adopt a child.   After investigation and finding that the defendants were proper persons to have the custody of such a child, they informed Mrs. Moore that the defendants would come for him.   They did, and Mrs. Moore delivered him and his clothing into their charge on May 11, 1925.   She soon after regretted her action, and sought to have the child returned to her.   She wrote to the defendants, asking them to bring him back and offering to pay their expenses in doing so.   She and her husband afterwards went to the home of the defendants and demanded the child.   This demand was refused.   On July 23, 1925, she petitioned the circuit court of Washtenaw county for a writ of *habeas corpus*, directed to the defendants, praying for the return of the child to her.   A hearing was had on the return of the writ, and considerable testimony taken. The trial court was of the opinion that the act of Mrs. Moore "was equivalent to an abandonment of the child," and entered an order on October 21, 1925, dismissing the writ.   Plaintiff seeks review by certiorari.

The proofs support the finding of the trial court that

the act of the plaintiff amounted to an abandonment of the child. In 1 C. J. p. 1387, § 76, in discussing "What Constitutes Abandonment," it is said:

"To constitute such an abandonment by a parent as will deprive him of the right to prevent the adoption of his child, and dispense with the necessity of his consent, there must be some conduct on his part which evinces a settled purpose to forego all parental duties. But merely permitting the child to remain for a time undisturbed in the care of others is not such an abandonment. Whether or not a parent has abandoned his child is a question of fact."

It was her intention at that time to relinquish any and all claims she then had upon the child and to surrender her right to his custody to the defendants. Plaintiff's husband did not join with her in the petition for the writ. It is apparent from the record that he yielded his assent to her action.

We may not lose sight of the best welfare of the child. He is now in a good home and being properly cared for. Nearly fifteen months elapsed after the order was made in the circuit court dismissing the writ before relief was sought in this court. Such matters should be speedily disposed of.

An order will be entered dismissing the writ, with costs to defendants.

NORTH, FELLOWS, WIEST, CLARK, and MCDONALD, JJ., concurred.

Chief Justice FLANNIGAN and the late Justice BIRD took no part in this decision.